You have been patiently waiting for this. It's your turn. I'm hoping I'm going to get a couple of questions so I can make the comments. It's the best question of the day. Mr. Dunham, just move on. No points for that. The facts of this case are really very simple. It's a bystander's report. There was a complaint that alleges that on September 15, 2011, there was an accident. The answer itself doesn't really deny that. There were only two witnesses. There was the plaintiff, the insured, and the plaintiff's adjuster for the insurer. And then I submitted a bystander's report for the purpose of this appeal that was not objected to by plaintiff's counsel. And it was signed off by the trial judge. And I'll just read it into the record. Darlene Ware, that is the insurer, testified that she had a complete stop. The defendant's vehicle collided with the rear end of her vehicle. Darlene Ware testified that Defendant Edwards admitted to driving the vehicle that collided with Darlene Ware's vehicle. Darlene Ware also testified that she took the vehicle to a repair shop after the accident and her vehicle was repaired. The claim's adjuster testified that Darlene Ware was insured by Rockford Mutual Insurance Company. He further testified the employees for repairs to the vehicle was presented to Rockford and Rockford paid the invoice, which was in the amount of $7,989. And that's basically the facts. Well into my first semester of my first year of law school, we took up the cases of negligence. The elements of a negligence claim have not changed over many, many years. The plaintiff has to allege and prove a duty. There isn't any dispute that the plaintiff alleged a duty. And the defendant's answer, she admitted she had a duty of care. That's correct, Your Honor. So we got past that. And so then there was no question we're not disputing her breach of duty. And we're not disputing that there were damages. What we are disputing, the only thing, the only reason we're up here on appeal, is whether there was proven at the trial court that the damages incurred to the vehicle were causally connected to the breach of the duty. You know, I don't think there's going to be any dispute that there were some damages. But the problem is that we have no evidence on which we can allocate how much of that, I'll just say $8,000 in repairs to the vehicle were relevant, related to the collision as a result of my client's negligence. Once the bill was submitted, right? It was. And doesn't that create a presumption on Illinois law of damages? Illinois law is very well settled, Your Honor, that if the bill is submitted, it's paid as prima facie evidence of the reasonableness of the repair bill. In other words, if we wanted to, we could have introduced some evidence in the case that maybe some other body was here, a person that would have looked at the evidence and said, well, this bill is too high. You know, a reasonable fee for affecting these repairs was $5,000 or $8,000. We didn't do that. There's a prima facie presumption that the $8,000 that was paid was reasonable. So that's not an issue. Well, there's case law that says not just reasonable, but that proof of payment was evidence of damages. There's no question that the vehicle was damaged, Your Honor. Well, once that prima facie presumption arose, didn't it become your burden or your client's burden to show that the damages were not related? Your Honor, under the case law. Which case? Well, the primary case, the very final, in our case, is the DeSole case. I'm sorry? DeSole. It's D-U-S-O-L-E. Uh-huh. Let me give you the. . . That's okay. It's in here. And that's a very interesting case because in DeSole what had happened was there was a breach of warranty with regard to the sale of a home and the fixtures and the personal property in the home. The warranty, it was a press warranty, said that all of the fixtures and the other property were in good working order. And there really wasn't any question that some of the property was not in good working order. Most of the damages were that the plaintiff in that case, the buyer of the property, had to go out and just completely replace them because they were not capable of being repaired. But for about $800 of the personal property in that case, the finding was that they were capable of being repaired and they were repaired. The problem was that at the trial court, as to the $800 worth of personal property, some of them were covered by the warranty and some of them were not. And it was the plaintiff's burden, not the defendant's burden, to prove which of these items of property that were repaired were subject to the warranty. And there was a complete failure of proof. $800, there was no way of allocating it as to how much of the $800 went for personal property that was within the warranty, how much were outside of the warranty. And the DeSalle case cites a couple of tort cases where there was basically a trespass to chattels type of argument and said that it's the plaintiff's burden to establish if there is, if you're an element of your damages is repaired, which is what we have here. It's the plaintiff's burden to make an allocation as to how much of those repairs were related to the tortious conduct of the defendant and how much were outside of that. And so I would respectfully disagree. Those were trespass cases. What? Weren't those trespass cases? Yes, I have not found them. I was just going to ask you, have you found any personal injury case like the one you're talking about or injury case, a tort case that involves damages like this case that support your position? This is not a personal injury case. I corrected that to a tort case. Yes. This is a tort case. Have you found anything that supports your position? Your Honor, I haven't found anything that supports. In other words, if you're looking for a negligence case where there was damage to property, I have found no case that supports my position. I would suggest, however, that what case law there is in closely related areas puts the burden on the plaintiff to draw that causal connection between the tortious conduct, whether it be negligence, intentional tort, whatever it be, and the actual repairs. So you're saying that they have to call the service repairman or somebody like the adjuster to say, this item was caused by the rear ender and this item was caused in this item. We need to have something, Your Honor. If you look at our brief. And this was a small claim? It was a small claims case, but there wasn't any indication of the small claims rule that would indicate that we're going to have a relaxed evidentiary procedure. I proceeded as if it was going to be a normal case. There was a lawyer on the other side. The judge made no finding that we were going to proceed in some kind of a relaxed manner, which certainly would have alerted me. If you look at HM of the appendix, there's a list. This is an estimate of the body shop repair people. Now, what we know for sure is that there was a rear end collision. But we see in this estimate here that we're going to be repairing a muffler. We're going to be repairing seat belts. We're going to be preparing some kind of a seat. I don't even know how to pronounce the word. In other words, a lot of the damage is that this man, this entity here, had to do with something that didn't seem to be directly related to a rear end collision. Well, if you look at A10, A11, and A12, which is basically what this repair job was, it's not allocated out. There weren't any photographs, for example, introduced into evidence as to what was the condition of the car before the accident, what was the condition of the car immediately after the accident, what was repaired. And so we don't have any obligation unless there's some basis for finding that the plaintiff didn't testify that her muffler was destroyed. And that's possible, I suppose, that a rear end collision may have damaged her muffler. But she certainly didn't testify as to any issues with regard to her seat belts, her seat belt restrainers. That's the inside of the car. And we can't look at this bill and parse out how much of it is related to the alleged negligence of my client and how much of it is as a result of the negligence of my client. And under the Dussault case, which is a breach of warranty case, says, look, the court can't speculate, even though the court did try to speculate and award full amount of the damages. And then they turned around and said, look, this is just a failure of proof here. No duty on the defendant. And declined at first that portion of what the trial judge said. I'm sorry. I'd like to finish. I'm not aware of any case in the state of Illinois. Can you tell me how this was preserved? Say again. Your argument that causal connection or the entire amount of damages was inappropriate, but how did you preserve it? I moved for a directive finding. We didn't put on any evidence at all. I moved for a directive finding at the end of the plaintiff's case. Well, I don't see any record of that. In the bystander's report, Your Honor, it indicates that I moved for a directive finding, which was denied. Okay. And let's see. Where is that? It's in the defendant's proposed bystander report? Yes. If you look at. I'm looking at. I know. I know. There's a statement that was made in the record here. Are you looking at 820? Yeah, I thought I thought I put that in the bystander's report. It's not in there. I looked because I was wondering where that appeared in the record, and I don't see any evidence of it. Now, there should be a docket. I was looking at the docket in here, too. I guess I have to apologize. Excuse me? I guess I have to apologize. There isn't any written record. So how has that been preserved for us to consider? Well, Your Honor, I think that I can still appeal, can I not, the fact that there was a total failure of proof. Obviously, the trial judge concluded that there was sufficient evidence to prove the case, and we appealed that. And the evidence is sufficient for the reason that the important element of causal connection was not proven. So in a small claims trial, you don't think there's any duty to make an objection to a potential error? So that the opponent has the opportunity to correct it? Well, Your Honor, the error would have been evident at the time that they rested their case. I'm not aware of any precedent that would indicate that at that time I have to point out that there's a failure of proof. Don't you, during the time when they're putting on their evidence, though, and presenting their proof of damages, wouldn't you have to object to that? Damage not being appropriate for a causal connection? Every piece of evidence that they introduced in the evidence was probative and relevant. I cannot object to the fact that the claims adjuster paid the bill. I suppose I could have made a hearsay or best evidence objection, but I didn't do that because it's obvious that the claims adjuster paid the bill. That's relevant and important, relevant evidence to establish their claim that there was damages. I don't think I've got any obligation at that point to say I want to make a limited objection to the fact that it only goes to damages, it doesn't go to causal connections. But then don't you, when they haven't made their case, have the obligation to move for a directed verdict? And that's what I didn't see any reference to at all in the bystander report. All I can say is, Your Honor, I do think I made the statement in the brief that I did move for a directed verdict. My distinct recollection is that I did. I understand, for purposes of this appeal, you cannot assume I did that because it's not found in the record. So the question is, can I go ahead and appeal a judgment that was entered against my client that was not... Preserved. In my knowledge, I think I can appeal an erroneous judgment that's not based on the manifest way of the evidence. One other point that I want to make is that the appellee makes the argument that incites this case of... Well, I can't seem to find it here. They cite the case of Milburn. And basically, the appellee makes the same kind of argument and suggests that because the bill was paid, that can be, it's not only prima facie evidence that there was damages, but that's also prima facie evidence of the fact that there was a causal connection connecting the damages to the negligence. The problem with citing that case, and that's, to my knowledge, reading their brief, that's the only case that they cite for the proposition that the payment of the bill can be used to establish the causal connection link. And in the Milburn case, if you parse out the facts of that case and look at it closely, there was a stipulation. That was an insurance case. It was a damage to personal, damage to real property case. There was a stipulation made by the defense counsel in that case that there was causal connection. And so the Milburn case can only be cited for the proposition for what is already a well-established law. If you pay a bill, that's prima facie evidence that not only that there was damage, but the amount of the damage was reasonable and a customary fee. If there aren't any other questions. I don't believe there are. Thank you, counsel. Thank you. Counsel? State please the court. My name is Sarah Jones. I am representing the Plano-Happily Rockford Mutual Insurance Company at Southern Union of the Wares. I think your sheet that has the parties on it has me listed as the appellant. It's because it was the only spot for me to sign. There's arrows. I'm actually the appellee, and I'm Sarah Jones. Ms. Jones, my colleague, Justice Chapman, raised really the best question of the day. I didn't think I'd say that. Thank you. But it is the best question of the day. The best question of the day. Big catch. Big fish. So what do you think? Does the defendant have an obligation to file or at least raise a motion for directed verdict at the close of the case in order to preserve the issue we're talking about for appeal? Your Honor, you can't appeal final opinions or final judgments. But in this case, his whole case is based upon the fact that he made a move for a directed verdict. But the question is, we don't see it in the record. Correct. And that's the point, Your Honor. He says that it is, that it should have been in the bystanders report. But the record in this case is devoid of any evidence that he preserved the issue for appeal. So what do you think? If he didn't preserve, if he didn't make the motion, at least it's not in the record, do you think that this entire issue has been waived? Yes, Your Honor. I mean, I think that you have an obligation to preserve your record on appeal. And if you're challenging the evidence and the sufficiency of the evidence that was presented, I think you have an obligation to make that contemporaneously objection, contemporaneously move for a, you know, he refers to it as a directed verdict, but there was no one to direct. It was a trial, a bench trial. But to ask for a summary judgment or a summary disposition. And a motion to enter judgment on behalf of your client at the close of the case. Correct, Your Honor. And at least according to what we see, as pointed out by Justice Chapman, that's not here. That's correct, Your Honor. So it would be your position that the defendant has waived that issue and you win? Yes, Your Honor. Okay. But I would like to address. What else do you want to tell us? Assuming that you do not find the appeal to be viewed as or improper because he didn't preserve the issue on appeal, I would like to address some of the issues. Obviously, the standard review in this case is manifest weight of the evidence. And that is an extremely high standard to meet. The court has found that a reviewing court cannot substitute its judgment for that of a trial sitting as a trial of fact, unless the judgment is against the manifest weight of the evidence. And the trial court's decision can only be found to be against the manifest weight of the evidence, whereupon a review of all the evidence in the light most favorable to the party prevailing at trial, the opposite conclusion is clearly apparent. Well, but he takes the position that seat belts are clearly not related to a rear-end collision. Well, Your Honor, we all know that when we get rear-ended, our seat belt catches. I mean, he's speculating as to what or what might not have been damaged, but he didn't present any evidence as to any preexisting problems. Is that his burden? He has a burden of going forward. I'm sorry, Your Honor. He has a burden of going forward with evidence if he's going to establish that there is some preexisting problem or preexisting condition. Furthermore, payment of a bill establishes, as Your Honor already has said, for the private patient status of evidence. Well, we're talking about causation now. Yes, Your Honor. Well, causation of damages, right? So. And, Your Honor, the Supreme Court has said under the manifest weight of the evidence there are two different ways to view the evidence. Where there are two different ways to view the evidence or alternative inferences to be drawn from it, we accept the view of the trier fact as long as it is reasonable. Now, plaintiffs or defendants counsel – I'm sorry, I'm just playing on the other side, Your Honor. Defendants counsel makes a big deal about this repair estimate and points out different things that are on it and his confusion as to what it all means, et cetera, et cetera. He didn't admit that – he admitted to the authenticity of it, but he didn't make any admissions with regards to that repair bill, although that repair bill is the one that was paid. And he makes arguments about the fact that the plaintiff's – the defendant makes arguments about the fact in her brief that there is no evidence regarding whether the plaintiff's insurance vehicle had dents and scrapes before the accident or that only those parts of her vehicle were damaged as a result of the accident were repaired. But the case law is that the plaintiff is not required to disprove every alternative hypothesis suggesting the cause  If the defendant believed that the repairs made to the vehicle were preexisting, she bears the burden of producing evidence to establish these matters for consideration by the court. And the whole – she doesn't bear the burden of proof, but she does have a burden of going forward with the evidence. And that's discussed in detail in the Supreme Court case of Lincoln v. the State of Deboer, which I have cited in my brief, where the Supreme Court discusses the defendant's burden of going forward with evidentiary evidence to establish that the plaintiff's injuries were preexisting. Now, in this case, the defendant did not even appear at this trial, nor did she present any evidence that would suggest that the repairs made and paid for by Rockford were the result of anything other than the accident. This is true despite the fact that the defendant had a copy of the repair estimate that was attached to the complaint and which she admitted was authentic and relevant. So, if the plaintiff had presented – met their burden of producing or going forward with the evidence, they don't produce any evidence with regards to preexisting conditions. There might be some evidence in this record to support an inference or that the repairs were needed for some reason other than the defendant's negligent acts. But the record is devoid. She didn't present any such evidence, and as a result, the evidence presented supports only one reasonable inference and one reasonable conclusion, that the repairs were necessary as a result of the defendant's negligent act of lighting the rear of the insurance vehicle. And there's – you know, the opposite conclusion is not clearly apparent. I'd also point out the case of Larder v. Public Taxi Service, Inc., that I also cite in my brief. In that case, the court found – ultimately found it was an accident, a taxi slipped on ice, front-end collision, and the court ultimately concluded that the proof of the need of medical care expenses after an automobile accident was sufficient for the jury to find that the medical care was a result of the accident. In this case, the evidence was that the plaintiff's insurance was at a complete stop, that the defendant collided with the rear end of the vehicle. The plaintiff has admitted that today the vehicle was damaged. And after the accident, she took her car to a repair shop for repairs, and those repairs were paid for. This leads to only one – the reasonable – only reasonable inference and the only reasonable conclusion is that those damages that were paid for by the insured, Rockford Mutual, were a result of the accident. I also want to briefly discuss this Dissolve case. That case concerned issues related to replacing a property without proof that it was incapable of being repaired. That's not our issue. She didn't replace her car with a new one. She had it repaired. Accordingly, that's not relevant to this case. And the court also disallowed – in the Dissolve case, the court did disallow items on the repair bill because some of the charges were clearly outside the scope of the warranty. But in that case, there was evidence presented, burden approving going forward, that not all – I mean, there was the complaint that outlined exactly what were covered by the warranty and what wasn't covered by the warranty. The defendant also cites two conversion cases in support of their position, and those cases are clearly not relevant to this issue because the – that deals with damages and conversion on conversion. Any time a property is – there's conversion of property, the damages are the fair market value prior to conversion, which is not an issue in our case. The Milburn case that we cite, the defendant's counsel argues that there was a stipulation that there was a causal connection between them. And I don't want to belabor this point, Your Honor, but if you look at that case, you'll see that the stipulation did nothing that would present the same evidence that we have in this case. The insurance company provided – what the stipulation did was establish that the insurance company provided insurance to its insured property, their premises, that there was an explosion, and as a result of that explosion, the insured experience, their insurer was required to pay for the damages, that the insurance company made the payment, and that the insurance company was entitled to recover. That stipulation doesn't say that the negligence of the gas company resulted in the explosion. There's no – so in this – in the Milburn case, it's the same issue as we have here. Rockford provided insurance cover, paid for the repair to her vehicle after she was rear-ended by the defendant's negligence. Testimony was presented with regards to the payment for those repairs, and the timing of the same was after the accident, and the cost of the repairs was paid for by the insurance company. The evidence in all reasonable inferences in this case, reviewed in the light most favorable to the plaintiff, which was the party prevailing at trial, supports the conclusion that the repairs that were performed after the defendant negligently collided with the insurance vehicle were a result of that collision. This is the only reasonable conclusion under the evidence that was presented to the court, and an opposite conclusion is not clearly evident, and that is the standard which is required to reverse the trial court's judgment. Accordingly, we ask that the trial court's judgment be affirmed. Thank you, counsel. Counsel? Just briefly. The question is really, you know, who is supposed to overcome the, who's not entitled to speculate is really what it's about. And in the Dussel case, there was no question that there were some items that were covered by the warranty that should have been paid for, but there were some that weren't, and there was no way of looking at the repairs to parse it out, and the appellate court put that burden onto the plaintiff and said, you don't get any of them. It's obvious you should get some, but we can't make a reasonable determination of which is which. You don't get anything. You know, we talk about whether or not... Under the warranty case, had all the items been already paid for? What the situation was, the repairs had been paid, and then the plaintiff was trying to get reimbursement for those repairs from the defendant who offered the warranty. And the defendant objected to some of them. Well, of course. So, but in this case, you sat on your hands. Well, and that's an interesting question. I mean, is it, can a defendant sit on their hands once you've agreed to admit the bill that's been paid for the damages incurred by the client? None of your client didn't even show up. It's relevant, Your Honor. It's relevant. And then I, on what grounds do you object? I don't have any substantive grounds on which I can object. So the question is... I'm not talking about objecting. I'm talking about saying whether the claimed damage is relevant or not to the accident question. Your Honor, I guess I don't understand the question. I think it's relevant. We can move on. Okay. Go ahead. So then the question is, and frankly, I don't know the answer. Is there a duty under the circumstance to file for a directed finding? Obviously, the claimant was on notice that we were contesting causal connection because the complaint, the allegation in complaint paragraph 11, it's found in A2 in the record, alleges causal connection. Our answer denies causal connection. So they know we're litigating causal connection. So let me suggest this. If we actually waived that issue by not filing for a directed finding, they waived it by not raising it on appeal. Because if you look at all the agreements anywhere, the first time it was raised was by the court here. And so I would suggest they waive it. If the court is interested, I would be more than willing to file a separate brief to parse out that issue as to whether or not we can contest that issue on appeal if we did not make a directed finding motion at the conclusion of the plaintiff's evidence. Finally... I just have one question. How did they waive it? It's your appeal. Well, they have an obligation to raise whatever issues that would support the finding of the trial judge if it's on alternative grounds. And they didn't do that. Okay. Go ahead. Finally, in the Milburn case, I'm just going to read exactly what the stipulation was that was entered in in the trial court. Quote, as a result of the explosion and occurrence in question, that's causal connection, the said Milburn Mutual Insurance Company became obligated and did pay Alex and Sylvia Geis the sum of $58,524.55. So causal connection was never the issue in that case. The issue in that case was did the amount of the damages, were they proved? And the argument was, well, because they stipulated that they paid that much as a result of the loss, does that also evidence to show causal connection? And causal connection was shown. Is that evidence to show what the damages that were actually incurred? Milburn doesn't have anything to do with our case. And if you would like a separate brief on the issue of the directed finding, I'd be glad to do that. I don't think we need one. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel taking the case under advisement. Morning talk is over at 1.30. We will resume oral argument at 2.30. I don't think there's one. We have one. Do we have one? No. We do have oral. Okay. Okay.